IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ANN L. EDWARDS, ) | Civil Action No. 3:04-22229-GRA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY,) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action pursuant to §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

**ADMINISTRATIVE PROCEEDINGS**

On January 23, 2002, Plaintiff applied for SSI and DIB. Plaintiff's applications were denied initially and on reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). After a hearing held October 7, 2003, at which Plaintiff and a vocational expert ("VE") appeared and testified, the ALJ issued a decision dated February 23, 2004, denying benefits and finding that Plaintiff was not disabled because she was able to perform her past relevant work as a file clerk.[1]

---

[1] Plaintiff's past relevant work did not contain the position title of "file clerk." The VE testified, however, that Plaintiff's past relevant work as described in the Dictionary of Occupational Titles ("DOT") fell under the category of "file clerk." See Tr. 333.

Plaintiff was fifty-five years old at the time of the ALJ's decision. She has a GED and past relevant work as a court specialist, juror coordinator, and deputy court clerk. Plaintiff alleges disability since January 14, 2002, due to severe confusion, attention deficit disorder, depression, memory lapses, anemia, nervousness, hypoglycemia, fibromyalgia, bursitis, tendonitis, and iron and vitamin B-12 deficiencies,

The ALJ found (Tr. 27-28):

1. The claimant met the disability insured status requirements of the Act on January 14, 2002, the date the claimant stated she became unable to work, and continues to meet them through the date of this decision.

2. The claimant has not engaged in substantial activity since January 14, 2002.

3. The medical evidence establishes that the claimant has severe anemia (iron and B12 deficiencies) and depression/anxiety, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's allegations of her complete inability to work are not fully credible and are not supported by the other evidence in the record.

5. The claimant is unable to perform her past relevant work as a court specialist, as a juror coordinator and as a deputy clerk.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527 and 416.927).

7. The claimant retains the residual functional capacity to perform [] light work with no climbing, no crawling, no exposure to hazards, occasional kneeling, crouching, stooping, balancing, no high stress involved in job, and no constant exposure to the general public.

8. The claimant's past relevant work as a file clerk did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 404.1565 and 416.965).

> 9. The claimant's medically determinable impairments do not prevent the claimant from performing her past relevant work.
>
> 10. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.l520(e) and 4l6.920(e)).

On July 28, 2004, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final action of the Commissioner. Plaintiff filed this action on September 15, 2004.

The only issues before this Court are whether correct legal principles were applied and whether the Commissioner's findings of fact are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971) and Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). Under 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, Plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.…" See 20 C.F.R. § 404.1505(a) and Blalock v. Richardson, supra.

## DISCUSSION

Plaintiff alleges that: (1) the ALJ improperly discounted the opinions of Plaintiff's treating psychologist that Plaintiff met the listing of impairments ("Listings"), 20 C.F.R. Part 404, Subpart P, Appendix 1 at §§ 12.04 (Affective Disorders) and 12.06 (Anxiety Related Disorders); (2) the ALJ improperly discounted Plaintiff's credibility; and (3) the ALJ erred in finding that

3

Plaintiff could perform her past relevant work. The Commissioner contends that the ALJ's decision is supported by substantial evidence.[2]

    A.    Treating Psychologist

Plaintiff alleges that the ALJ erred in disregarding the opinions of her treating psychologist that she met the criteria for the Listings at §§ 12.04 and 12.06 and that she cannot meet the basic mental demands of unskilled work. The Commissioner argues that the ALJ properly assessed and gave minimal weight to the opinion of Dr. Taylor.

Plaintiff has been treated by Dr. Charlotte Murrow Taylor, a psychologist, since May 4, 2001. Tr. 269-296. On September 11, 2003, Dr. Taylor completed checklists concerning the Listings at §§ 12.04 and 12.06, in which she found that Plaintiff met these Listings. Tr. 269-272. In an undated statement, Dr. Taylor also affirmatively answered questions as to whether Plaintiff had a substantial loss of ability to perform on a sustained basis the basic mental demands of remunerative, unskilled work including (1) understanding, remembering, and carrying out simple instructions; (2) making judgments that are commensurate with the demands of unskilled work; (3) responding appropriately to supervision, coworkers, and usual work situations; and (4) dealing

---

[2]Substantial evidence is:
>evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence".

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984); Laws v. Celebreeze, 368 F.2d 640, 642 (4th Cir. 1966). It must do more, however, than merely create a suspicion that the fact to be established exists. Cornett v. Califano, 590 F.2d 91, 93 (4th Cir. 1978).

with changes in a routine work setting. Tr. 273. On March 28, 2002, Dr. Taylor wrote a letter to disability examiners in which she opined:

> While [Plaintiff] is capable of performing the physical and intellectual functions of a job, her inability to concentrate, maintaining attention over time, and her inability to adapt and interact appropriately with colleagues in any type of stressful situation will sabotage any effort to be productive in a full-time professional setting. It is my hope that, in time, [Plaintiff] may be able to participate in a part-time job - one that is not stress-laden.

Tr. 282.

Although it is not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1988), and Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir. 1986). In those cases, the court emphasized the importance of giving great weight to the findings of the plaintiff's treating physician. See also Mitchell v. Schweiker, 699 F.2d 185 (4th Cir. 1983). The court in Mitchell also explained that a treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." An ALJ, therefore, must explain his reasons for disregarding a positive opinion of a treating physician that a claimant is disabled. DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983).

The Commissioner is authorized to give controlling weight to the treating source's opinion if it is not inconsistent with substantial evidence in the case record and it is well supported by clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1527(d)(2). The Court in Craig found by negative implication that if the physician's opinion "is not supported by clinical evidence

or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 589.

Plaintiff argues that the ALJ improperly discounted Dr. Taylor's opinions based on the opinions of non-examining state agency physicians who did not have the benefit of Dr. Taylor's September 2003 opinions at the time of their findings. She also argues that the opinions of the non-examining state agency physicians are not persuasive contradictory evidence to disregard a treating psychologist's opinion. Further, Plaintiff argues that the ALJ improperly discounted Dr. Taylor's opinions because Plaintiff's treating psychiatrist, Dr. Dyana Lowndes Rosen, diagnosed histrionic personality disorder, not anxiety and depression, although the ALJ credited Dr. Taylor's diagnoses by finding that Plaintiff had "severe" anxiety/depression.

Review of the ALJ's decision reveals that while the ALJ appears to have addressed Dr. Taylor's disability opinions concerning the Listings, he does not appear to have addressed Dr. Taylor's March 2002 letter and her undated opinion concerning Plaintiff's ability to meet the basic mental demands of unskilled work. This action should be remanded to have the ALJ consider all of Dr. Taylor's opinions of disability in light of the controlling law. If necessary, the ALJ should obtain additional medical information including further information from Dr. Taylor.

B.   Credibility

Plaintiff alleges that the ALJ erred in discounting her credibility without a legally or factually sufficient rationale. The Commissioner argues that the ALJ properly found that Plaintiff's subjective complaints were not fully credible based on the medical and non-medical evidence.

In assessing credibility and complaints of pain, the ALJ must (1) determine whether there is objective evidence of an impairment which could reasonably be expected to produce the pain alleged by a plaintiff and, if such evidence exists, (2) consider a plaintiff's subjective complaints of pain, along with all of the evidence in the record. See Craig v. Chater, 76 F.3d 585, 591-92 (4th Cir. 1996); Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994). Although a claimant's allegations about pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges he suffers. A claimant's symptoms, including pain, are considered to diminish his or her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4).

The ALJ found Plaintiff to not be fully credible in part because of what he thought were inconsistent statements concerning her mental health treatment (that at the ALJ's hearing in October 2003 she stated that she had been seeing Dr. Taylor for about three years and saw her every other week or sometimes every week - Tr. 320) and that her treatment for her mental impairments had been minimal. Review of the record, however, reveals that Dr. Taylor wrote on March 28, 2002 that she had been treating Plaintiff on a bi-weekly basis since May 4, 2001 (approximately two and one-half years prior to the hearing). Tr. 276. This treatment by Dr. Taylor, as well as treatment from her treating psychiatrist (Dr. Rosen) from February to December 2002 (Tr. 206-211), and the prescription of numerous medications for Plaintiff's mental health

7

impairments (by her primary care providers) as far back as 1998 (see Tr. 129-130), indicates more than "minimal" mental health treatment. This action should be remanded to the Commissioner to have the ALJ properly consider Plaintiff's credibility based on all of the evidence of record.

    C.    <u>Past Relevant Work</u>

Plaintiff alleges that the ALJ erred in recharacterizing her past work. She claims that she has meet her burden of showing that she could not perform her past relevant work at step four of the sequential evaluation process and that the ALJ failed to meet the government's burden at step five to identify a substantial number of jobs in the national economy that Plaintiff could perform. The Commissioner argues that the ALJ properly found that Plaintiff could perform her past relevant work based on the VE's testimony and information in the DOT that Plaintiff could perform her past relevant work as it is generally performed in the national economy.

At the fourth step of the disability inquiry,[3] a claimant will be found "not disabled" if the claimant is capable of performing his past relevant work either as he performed it in the past or as it is generally required by employers in the national economy. SSR 82-61. The claimant bears the burden of establishing that she is incapable of performing her past relevant work. See Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992).

---

[3]In evaluating whether a claimant is entitled to disability insurance benefits, the ALJ must follow the five-step sequential evaluation of disability set forth in the Social Security regulations. See 20 C.F.R. § 404.1520. The ALJ must consider whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to her past work, and (5) if not, whether the claimant retains the capacity to perform specific jobs that exist in significant numbers in the national economy. See id.

A claimant will be considered not disabled if she can still do the kind of work she did in the past. 20 C.F.R. § 416.920(e). Kind of work "concentrates on the claimant's capacity to perform a type of activity rather than her ability to return to a specific job or to find one exactly like it." Pass v. Chater, 65 F.3d at 1204. The Commissioner may rely on the general job categories of the Dictionary of Occupational Titles ("DOT") as presumptively applicable to the claimant's prior work. DeLoache v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983).

Plaintiff appears to have met her burden at step four of showing that she could not perform her past relevant work. The ALJ specifically found that Plaintiff could not perform her past relevant work as she performed it in the past. Tr. 28, Finding 5 ("The claimant is unable to perform her past relevant work as a court specialist, as a juror coordinator and as a deputy clerk. The question is whether Plaintiff could perform her past relevant work as generally required by employers in the national economy. At the hearing, the VE testified that Plaintiff's past relevant work was reflected in the DOT as the position of file clerk with the DOT code of 206.387-034. Tr. 333. The VE then posed a hypothetical to the VE in which he described a claimant with Plaintiff's work and educational background who had a residual functional capacity for light work with certain restrictions including no constant exposure to the general public. In response, the VE stated he thought there were file clerk positions that existed that would allow the restriction, but the restriction would significantly reduce or diminish the prevalence of those jobs. Tr. 334-335. In response to questioning from Plaintiff's counsel, the VE stated that the restriction of limited contact with the public would reduce the claimant's ability to perform the file clerk position identified, probably by fifty percent. Tr. 336. Thus, Plaintiff appears to have met her burden of showing that she could not perform her past relevant work as generally performed in the

9

national economy. It is, therefore, recommended that this action be remanded to the Commissioner to continue the sequential evaluation process.

## CONCLUSION

The Commissioner's decision is not supported by substantial evidence. This action should be remanded to the Commissioner to properly consider the opinions of disability by Plaintiff's treating psychologist, Dr. Taylor; to properly evaluate Plaintiff's credibility; and to continue the sequential evaluation process at step five, if necessary.

RECOMMENDED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c) that the case be remanded to the Commissioner for further administrative action as set out above.

Respectfully submitted,

Joseph R. McCrorey  
United States Magistrate Judge

February 15, 2006

Columbia, South Carolina